UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT ALDRICH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DUANE J. MACEACHERN, )<br><u>Superintendent, Massachusetts</u> )<br><u>Correctional Institution-</u> )<br><u>Shirley</u> )<br>)<br>Respondent. )<br>) | CIVIL ACTION<br>NO. 11-10687-WGY |

<u>MEMORANDUM AND ORDER</u>

YOUNG, D.J.                                                                July 31, 2012

I.  **INTRODUCTION**

Robert Aldrich ("Aldrich"), a pro se litigant, brings this pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pet., ECF No. 1.  Aldrich's petition rises four issues: (1) whether his right to a full and fair trial and to testify on his own behalf was violated because of alleged threats and intimidation by a police officer before trial; (2) whether due process and equal protection of the law was violated by Aldrich being denied a post trial evidentiary hearing on the alleged threats and intimidation by a police officer; (3) whether Aldrich's rights were violated by the denial of his petition to

1

transfer his state habeas corpus petition from Middlesex to the Suffolk Superior Court to adjudicate facts after he obtained a copy of a sworn affidavit from the police officer who allegedly threatened him; (4) whether state prosecutor Nicole Allain obstructed justice and defeated petitioner's motion for post conviction relief by preparing and filing an allegedly false affidavit on behalf of the police officer who threatened and intimidated Aldrich. Id.

The respondent, Aldrich's immediate custodian Duane J. MacEachern ("MacEachern"), moved to dismiss this federal petition in its entirety arguing that Aldrich failed to satisfy the statutory requirement that he first exhaust available state court remedies with respect to all claims in his petition. Resp't's Mem. Law Supp. Mot. Dismiss ("Resp't's Mem."), ECF No. 8.

A. **Procedural Posture**

On December 15, 2009, following a jury trial in the Massachusetts Superior Court sitting in and for the County of Middlesex (Muse, J.), Aldrich was convicted of unarmed burglary, two counts of larceny over $250, and attempt to commit a crime. Pet. 1; Resp't's Mem. 2. On December 16, 2009, Aldrich was convicted of being a habitual offender as to unarmed burglary and larceny over $250. Resp't's Mem. 2; Resp't's Status Report Exhaustion, Ex. C, Commonwealth Mass. Middlesex Super. Ct. Case Summ. Criminal Doc. MICR2008-00164 ("Super. Ct. Doc."), Verdict

Slips, doc. Nos. 221-24, ECF No. 56-3.  Aldrich was sentenced to a mandatory twenty years in state prison for unarmed burglary and five years in state prison for two counts of larceny over $250. Resp't's Mem. 3; Super. Ct. Doc., Clerk's Notes, Dec. 17, 2009. Judge Muse vacated the habitual offender portion of the attempt to commit a crime conviction and sentenced Aldrich to two years probation.  Super. Ct. Doc., Clerk's Notes, Dec. 17, 2009.

On December 22, 2009, Aldrich filed a notice of appeal. Super. Ct. Doc., Notice Appeal, Doc. No. 234.  The appeal has not been docketed in the Massachusetts Appeals Court due to a delay in preparing the trial transcripts.  Pet. 2; Resp't's Mem. 3.

On February 4, 2010, Aldrich filed a motion for post conviction relief and for an evidentiary hearing (followed by multiple supplements to that motion), which was denied on May 18, 2010.  Pet. 3; Super. Ct. Doc., Mot. Def., Doc. No. 238 & Mem. Decision Order Def.'s Mot. Post Conviction Relief Evidentiary Hr'g, Doc. No. 255.  Aldrich did not appeal the May 18, 2010, decision.[1]  See Super. Ct. Doc.  Pending the decision on the

---

[1] Even though in his present petition, Aldrich has indicated that he has appealed the May 18, 2010, decision, it appears from the state court docket that he did not.  It is true that, pending decision on the February 4, 2010 motion for post conviction relief, Aldrich filed a petition for a writ of habeas corpus with the Supreme Judicial Court contending that the Superior Court had not yet acted on his motion for post conviction relief.  Pet., Attach. K, Pet. Sup. Jud. Ct. Writ Habeas Corpus ad Subjiciendum Release Confinement Violation U.S. Const. ("Writ Habeas ad Subjiciendum"), ECF No. 1-11.  The Supreme Judicial Court,

3

February 4, 2010 motion, on May 17, 2010, Aldrich filed a petition to the Supreme Judicial Court for a writ of habeas corpus and release from unlawful confinement, asserting that the trial court had not yet acted on his motion for post-conviction relief and he thus had no other remedy than to seek habeas relief from the Supreme Judicial Court.  See Pet., Attach. K, Pet. Sup. Jud. Ct. Writ Habeas Corpus ad Subjiciendum Release Confinement Violation U.S. Const. ("Writ Habeas ad Subjiciendum"), ECF No. 1-11.  On June 14, 2010, a single justice of the Supreme Judicial Court denied the petition as moot because the motion for post-conviction relief had by then been decided by the Superior Court.  In re: Petition of Aldrich, No. SJ-2010-0238 (Mass. Super. Ct. June 14, 2010) (Spina, J.) (attached as attachment J to the present habeas petition, ECF No. 1-10).  On February 22, 2011, the Supreme Judicial Court affirmed the single Justice's decision regarding mootness.  In re Aldrich, 459 Mass. 1001 (2011).

On June 23, 2010, Aldrich filed a new motion for a new trial with supporting affidavit and exhibits and for reconsideration of his motion for post conviction relief, which was denied on August 24, 2010.  Pet. 4; Super. Ct. Doc., Mot. New Trial Supporting Aff.'s Ex.'s Recons. Mot. Post Conviction, Doc. No. 261 & Mem.

---

however, for the reasons described in this opinion, did not reach and adjudicate the issues raised in the February 4, 2010 motion for post conviction relief and, thus, the state habeas petition does not constitute an appeal therefrom.

Decision Order Def.'s Mot. New Trial Supporting Aff.'s Ex.'s Recons. Mot. Post Conviction Relief, Doc. No. 271. On September 9, 2010, Aldrich filed a second motion for reconsideration and for a new trial which included an affidavit of attorney Lisa Belanger, which motion was denied on September 21, 2010. Pet. 4-5; Super. Ct. Doc., Mot. Second Recons. Mot. New Trial Include Aff. Att'y Lisa Belanger Aff. Supp., Doc. No. 274 & Elec. Order, Sept. 21, 2010.

Aldrich appealed the August 24, 2010, and the September 21, 2010 rulings on September 28, 2010. Super. Ct. Doc., Notice Appeal, Doc. No. 276. The appeal was docketed on March 9, 2011, but the petitioner has not yet filed his briefs. Resp't's Status Report Exhaustion, Ex. A, App. Ct. Doc. 2011-P-0398 ("App. Ct. Doc. 2011-P-0398"), ECF No. 56-1.

On September 17, 2010, Justice Cordy of the Supreme Judicial Court allowed Aldrich to file a late notice of direct appeal. Super. Ct. Doc., Notice Doc. Entry, Doc. No. 275. On May 10, 2012, the appeal was docketed in the Appeals Court, but no briefs have yet been filed. Resp't's Status Report Exhaustion, Ex. B, App. Ct. Panel Cases Case Doc. 2012-P-0787 ("App. Ct. Doc. 2012-P-0787"), ECF No. 56-2.

Aldrich filed yet another motion for a new trial (his third such motion) on November 3, 2010, which was denied on April 11, 2012. App. Ct. Docket 2012-P-0787, Mem. Decision Order Def.'s

Second Mot. New Trial, Doc. No. 321.

Subsequently, on April 21, 2011, Aldrich filed the current federal petition for writ of habeas corpus. See Pet. On May 16, 2011, MacEachern filed a motion to dismiss for failure to exhaust state court remedies together with a supporting memorandum. Resp't's Mot. Dismiss Failure Exhaust State Ct. Remedies, ECF No. 7; Resp't's Mem. Aldrich has not submitted an opposition to this motion to dismiss. On May 15, 2012, upon this Court's request, MacEachern submitted a report regarding the exhaustion of the claims contained in the habeas petition. Resp't's Status Report Exhaustion, ECF No. 56.[2]

---

[2] In Kane v. Winn, 319 F. Supp. 2d 162, 217 (D. Mass. 2004), this Court pointed out that the average habeas petition takes 447 days to be resolved – surely an inordinate delay. Recognizing that "[w]hat gets measured gets done," Robert D. Behn, Why Measure Performance? Different Purposes Require Different Measures, 63 Pub. Admin. Rev. 586, 599 (2003), Professor Marc D. Falkoff correctly observes:

> Although, by statute and court rules, judges should be moving habeas petitions to the front of their dockets, they have been discouraged from doing so by the Judicial Conference's exclusion of habeas petitions from the reporting requirements of the CJRA. The Judicial Conference should reconsider its interpretation of the CJRA's reporting provision so that habeas petitioners do not bear a disproportionate share of the burden of delay caused by the courts' heavy civil caseload.

Mark D. Falkoff, The Hidden Costs of Habeas Delay, 83 U. Colo. L. Rev. 339, 407 (2012). This is such an imminently reasonable suggestion that this Court will strive in every habeas case assigned to it to hold to the CJRA reporting standard even though this is not required.

**B. Facts**[3]

On the morning of January 6, 2008, an owner of a single family home, located on Channiug Street in Cambridge, Massachusetts, called the police to report an individual unlawfully inside her home. Commonwealth v. Aldrich, No. 2008-0164, at 2 (Mass. Super. Ct. May 18, 2010) (Muse, J.) (attached as attachment C to Aldrich's petition, ECF No. 1-3). Several patrol and detective units arrived to the location and surrounded the home. Id. Two police officers observed a male at the front door who slammed the door shut. Id. Outside were neatly stacked items later identified to be the victim's personal property. Id. After arresting and searching the male, later identified as Aldrich, the police seized foreign currency and car keys belonging to the victim. Id. at 2-3. The police also found a screwdriver underneath Aldrich. Id. at 3. The Commonwealth charged this item to be a burglary instrument used to gain entrance. Id.

Aldrich alleges that one day before the jury trial commenced, he received a phone call from officer Paul Gallagher

---

[3] Unless otherwise specified, this recitation of the factual background is drawn from the May 18, 2010, Middlesex Superior Court Memorandum of Decision and Order on defendant's Motion for Post Conviction Relief and for Evidentiary Hearing in Commonwealth v. Aldrich, No. 2008-0164 (Mass. Super. Ct. May 18, 2010) (Muse, J.) (attached as attachment C to the Aldrich's petition, ECF No. 1-3). These facts are presumed to be correct under 28 U.S.C. § 2254(e)(1). See Gunter v. Maloney, 291 F.3d 74, 76 (1st Cir. 2002).

("Officer Gallagher"), one of the officers involved in Aldrich's arrest on January 6, 2008. Pet., Attach. A, Aff. Supp. Mot. Post Conviction Relief ("Aldrich Aff.") ¶ 1, ECF No. 1-1. According to Aldrich, Officer Gallagher threatened that, if Aldrich did not plead guilty, but went to trial and challenged his fellow officer's background, the police would charge him with additional unsolved burglaries and make sure he received 20 years imprisonment after Officer Gallagher "talked to the DA." Aldrich Aff. ¶¶ 4-15. Officer Gallagher denies having any phone conversation with Aldrich. Pet., Attach. E, Aff. Paul Gallagher ¶¶ 8-10, ECF No. 1-5.

**C. Federal Jurisdiction**

A petition for habeas corpus pursuant to 28 U.S.C. § 2254, can be adjudicated by the Supreme Court, a Justice thereof, a circuit judge, or a district judge, but a petitioner must first exhaust the remedies available in the courts of the state. "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

I. **ANALYSIS**

   A. **Exhaustion of Available State Court Remedies**

MacEachern argues that Aldrich failed to exhaust his claims because he did not present his federal constitutional claims to the Massachusetts Supreme Judicial Court. Resp't's Mem. 3-6.

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254 (b)(1)(A)[4], thus giving the state the first "opportunity to pass upon and correct alleged violations of its prisoners federal rights." Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). Exhaustion, a matter of comity, requires the petitioner to present his "federal claims 'fairly and recognizably' to the state courts." Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010); see Gagne v. Fair,

---

[4] Title 28 U.S.C. § 2254 (b)-(c) provides, in relevant part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(I) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . .
(C) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

835 F.2d 6, 7 (1st Cir. 1987) (explaining that the petitioner must present "the substance of this federal habeas claim to the state court before seeking federal review").  The Supreme Judicial Court is the highest court in the Massachusetts court system.  Thus, exhaustion requires presentation of the claim in question to that court.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).

In his petition, Aldrich notes that "direct appeal has not been docketed due to a 15 month delay in preparing the trial transcripts."  Pet. 3.  On September 17, 2010, however, the Supreme Judicial Court allowed Aldrich to file a late notice of appeal and Aldrich did so.  Super. Ct. Doc., Notice Doc. Entry, Doc. No. 275 & Notice Appeal, Doc. No. 276.  The appeal was docketed on May 10, 2012.  App. Ct. Doc. 2012-P-0787. Consequently, pending the appeal of Aldrich's conviction, Aldrich's federal habeas petition, at this point in time, remains unexhausted.

A direct appeal is not the only way to exhaust state court remedies in Massachusetts.  A federal habeas petitioner may exhaust state remedies through state post conviction proceedings if the issues eventually raised on federal habeas corpus are presented to the highest state court.  See Hall v. DiPaolo, 986 F.2d 7, 11 (1st Cir. 1993) (remanding the case where district court, in summarily denying habeas petition, did not even

consider possibility that exhaustion may have obtained through petitioner's post-conviction motions in state court); see also Baldwin, 541 U.S. at 29 (requiring that the prisoner "fairly presents" his claim in each appropriate state court - including a state supreme court with powers of discretionary review - alerting that court to the federal nature of the claim). Thus, pending direct appeal, in order for this Court to have jurisdiction over Aldrich's federal habeas petition, he must have exhausted any available post conviction remedies in state court. See Patterson v. Leeke, 556 F.2d 1168, 1171 (4th Cir. 1977).

In his habeas petition, Aldrich indicated that he has filed two motions for a new trial. Pet. 4-5. Additionally, he filed a third motion for a new trial on November 3, 2010. App. Ct. Docket 2012-P-0787, Mem. Decision Order Def.'s Second Mot. New Trial, Doc. No. 321. The Middlesex Superior Court record shows that Aldrich's June 23, 2010, September 9, 2010, and November 3, 2010, motions were denied. The Middlesex Superior Court docket further indicates that Aldrich has appealed the rulings on the above mentioned motions (except the recent ruling on the November 3, 2010 motion for a new trial). The appeals from the denial of these motions are still pending, thus making the grounds alleged in Aldrich's federal habeas petition unexhausted.

Lastly, Aldrich also indicated in his petition that on May 8, 2010, he filed a petition to Supreme Judicial Court for a writ

of habeas corpus and release from unlawful confinement.  See Writ Habeas Corpus ad Subjiciendum.

In Massachusetts, a state habeas petition is not post-conviction review, thus it does not provide an avenue for the exhaustion of habeas claims.  See Petition of Steward, 411 Mass. 566, 568 (1992) ("A petition for a writ of habeas corpus may be brought by an individual who contends that the term of a lawfully imposed sentence has expired, and who bases his argument on grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage") (internal quotes and citation omitted).  Most importantly, in his state habeas petition, Aldrich asserted that the trial judge had not yet acted on his motion for post conviction relief and he thus had no other remedy than to seek habeas relief from the Supreme Judicial Court.  Writ Habeas ad Subjiciendum 3.  The Supreme Judicial Court, accordingly, explained that "[o]ur habeas corpus statute does not apply in . . . circumstances" where the petitioner's "claim for relief centers on the criminal proceedings against him."  In re Aldrich, 459 Mass. at 1001.  The Supreme Judicial Court thus concluded that a motion for post conviction relief is the proper vehicle for Aldrich's grievances and affirmed the judgment of the single justice of the Supreme Judicial Court denying the petition for a writ of habeas corpus as moot because at the time of the single justice's ruling, the Superior Court had already ruled on

Aldrich's motions for post conviction relief. Id. Accordingly, the Supreme Judicial Court has not reached the merits of Aldrich's habeas corpus petition and has not inquired into the alleged threats and intimidation by a police officer before the trial which is alleged in Aldrich's federal habeas petition.

As a result, pending the direct appeal and the appeal from the denial of Aldrich's post conviction motions, this Court does not have jurisdiction to review Aldrich's federal habeas petition because the federal claims that Aldrich proffers in this Court remain unexhausted.

### III. CONCLUSION

For the foregoing reasons, in the light of pending appeals in this matter, the Court GRANTS MacEachern's motion to dismiss, ECF No. 7, and DISMISSES this action without prejudice.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE